NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHEN I. ADLER,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2011-3024

---

Petition for review of the Merit Systems Protection Board in case no. SF0831100512-I-1.

---

Decided: July 25, 2011

---

STEPHEN I. ADLER, of Ocean View, Hawaii, pro se.

SARAH M. BIENKOWSKI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director. Of counsel was DOUGLAS T. HOFFMAN.

---

Before RADER, *Chief Judge*, FRIEDMAN*, and LINN, *Circuit Judges*.

PER CURIAM.

Petitioner Stephen Adler, a retired federal employee, challenges the Office of Personnel Management ("OPM")'s calculation of the portion of his pension to which his former spouse is entitled. The Merit Systems Protection Board ("Board") affirmed. This court, too, affirms.

I

The petitioner, Mr. Adler, and his former spouse, Ms. Valerie Baker, were married in May of 1972. The Oconto County Circuit Court of Wisconsin entered a Judgment of Divorce on March 21, 1997, effective January 27, 1997. The Judgment awarded Ms. Baker one-half of Mr. Adler's civil service retirement plan "to be divided between the parties by [a Qualified Domestic Relations Order]." Shortly thereafter, Mr. Adler retired from the United States Department of Agriculture, National Forests division. The Oconto Court then issued an "Order with Respect to CSRS Annuity Payment/Lump Sum Credit/Survivor Annuity" ("Wisconsin Court Order" or "Order") on December 23, 1997, stating that Ms. Baker was "entitled to a pro[]rata share of [Mr. Adler's] gross monthly annuity under the Civil Service Retirement System." The court instructed that "[i]n calculation of the pro[]rata share the numerator shall be the number of months of federal civilian and military service that the employee performed during the marriage plus 24 months of military service that the employee performed prior to the marriage and whose denominator is the total number

---

\* Judge Friedman, who passed away July 6, 2011, did not participate in this decision.

of months of federal civilian and military service performed."

Contrary to the court order, Mr. Adler never served in the military, either during or prior to his marriage with Ms. Baker. Mr. Adler did accumulate 287 months of federal service. Of those 287 months of service, Mr. Adler was married to Ms. Baker for 273 of them.

Following the issuance of the Order, Ms. Baker's attorney provided OPM with certified copies of both the Order and the divorce decree. OPM first awarded Ms. Baker half of Mr. Adler's retirement annuity. OPM came to this figure by erroneously using the number of months of the Adler's marriage as the numerator and dividing by the total number of months of service. Mr. Adler contested the award. OPM, acknowledging its error, recalculated Ms. Baker's pro rata share as 47.56 percent, equaling one-half of Mr. Adler's 273 months of federal service during the marriage divided by 287 months of total service. Although OPM reached the correct pro rata share, its explanation of the calculation incorrectly indicated OPM was using 296 months as the denominator. Mr. Adler continued to contest the award.

The present appeal arises out of an inquiry made by Senator Daniel Inouye on Mr. Adler's behalf concerning the award of civil service benefits to Ms. Baker. In its initial decision, OPM stated that Ms. Baker was correctly receiving a pro rata share of Mr. Adler's retirement benefits, as directed by the Wisconsin Order. Mr. Adler requested reconsideration, and OPM affirmed its initial decision. The agency explained that in awarding Ms. Baker a pro rata share of Mr. Adler's benefits it was carrying out the instructions of the Wisconsin Order.

The Board affirmed. In the initial decision, the administrative judge addressed Mr. Adler's contention that

the Wisconsin Order was not valid and should not have been processed by OPM. She explained that the Wisconsin Order was a qualifying court order and that OPM properly processed it. She noted that the erroneous reference to military service was harmless because OPM correctly ignored it. Further, she noted that the Board did not have jurisdiction to consider a constitutional challenge to the Wisconsin Order. Finally, because OPM's explanation of its calculation included the incorrect number in the denominator, the judge remanded Mr. Adler's case to OPM to determine the correct number of months to place in the denominator.

The full Board affirmed, but held that the remand was unnecessary because it found that the typographical error did not "enter into the actual computation." Like the administrative judge, the Board explained that the state court was the proper venue to challenge the Wisconsin Order. Finally, the Board found that the various procedural errors alleged by Mr. Adler were either harmless or without merit.

## II

Mr. Adler contests the validity and the constitutionality of the Wisconsin Order. Mr. Adler also contends that OPM violated several of its own regulations and improperly processed the Wisconsin Order. Ultimately, Mr. Adler believes that these alleged violations should result in the return of all retirement payments made to his former spouse, Ms. Baker, and should block any attempt by Ms. Baker to seek retirement benefits in the future. This court, like the Board, finds Mr. Adler's arguments either outside the scope of our review or without merit.

"Under 5 U.S.C. § 8345(j)(1), annuity payments otherwise payable to a retired employee shall be paid to the employee's former spouse

'[i]f and to the extent expressly provided for in the terms of-
(A) any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation[.]'"

*Perry v. Office of Pers. Mgmt.*, 243 F.3d 1337, 1339 (Fed. Cir. 2001). In order to receive a portion of a former spouse's benefits, the applicant must "apply in writing" to OPM and include a "certified copy of the court order" authorizing the apportionment along with certification that the order is "currently in force." 5 C.F.R. § 838.221. A court order qualifies for processing when it identifies the retirement system under which the annuity exists and "expressly state[s] the portion to which the former spouse is entitled under the court order." *Perry*, 243 F.3d at 1349-40; *see also* 5 C.F.R. § 838.303. The regulations provide that "[g]enerally, OPM must comply with court orders . . . in connection with divorces . . . that award a portion of the former employee's or Member's retirement benefits . . . to a former spouse." 5 C.F.R. § 838.101(a)(1). In so doing, OPM's task is "purely ministerial" as the agency "must honor the clear instructions of the court." *Id.* § 838.101(a)(2).

## III

Mr. Adler's main contention is that OPM violated his constitutional rights to due process and equal protection under the law when it enforced the Wisconsin Order. He contends that "he was unaware that the Order was being written and was not represented in the matter." These arguments are outside this court's scope of review.

This court has previously pointed out that "the regulations put [the] burden [of challenging the validity of a

state court order] squarely in the state courts." *Snyder v. Office of Pers. Mgmt*, 136 F.3d 1474, 1479 (Fed. Cir. 1998) (citing 5 C.F.R. § 838.124). OPM informed Mr. Adler multiple times that it was required to follow the Wisconsin Order absent an amended or superseding court order. *See* 5 C.F.R. § 838.224. The Administrative Judge further informed Mr. Adler that if he desired to appeal the Wisconsin Order in the state courts, the current case could be dismissed without prejudice, allowing Mr. Adler to refile in the event that his appeal was successful. Mr. Adler declined.

The scope of this court's review of Board decisions is limited to determining if "agency action, findings, or conclusions" are "not in accordance with law." 5 U.S.C. § 7703(c). This court cannot now consider a collateral constitutional challenge to the Wisconsin Order which OPM was obligated to follow. *Snyder*, 136 F.3d at 1479. The proper forum for a constitutional challenge to the Wisconsin Order is a Wisconsin state court. *Cf. Huffman v. Pursue, Ltd.*, 420 U.S. 592, 606 (1975).

Mr. Adler also contends that his constitutional rights were violated when OPM directly communicated with his former spouse without his knowledge. The Wisconsin Order, though, specifically instructed OPM to issue Ms. Baker her share "directly," so OPM naturally communicated directly with her. As to the alleged communications between OPM that took place following the divorce decree but before the Order, Mr. Adler frames his argument as a constitutional challenge to the underlying Order. Any arguments concerning the constitutionality of the Wisconsin Order, as explained above, should have been brought before a Wisconsin state court.

IV

Mr. Adler also takes issue with OPM's processing of the Wisconsin Order. Mr. Adler contends that because the Order erroneously refers to his military service, when he did not in fact serve in the military, the Order is "false" and cannot be implemented by OPM. Despite the erroneous mention of military service, OPM was correct in processing the Wisconsin Order.

The Wisconsin Order identified the particular retirement system from which the payments would be directed to Ms. Baker, the CSRS, and instructed how to calculate Ms. Baker's share. The Order instructed OPM to award Ms. Baker a pro rata share of Mr. Adler's retirement, based on a ratio where the denominator was Mr. Adler's total number of months of federal service and the numerator was the number of months of federal service while married to Ms. Baker. By calculating the ratio using the correct number of total months and excluding the military service, OPM followed the terms "expressly provided for" in the Wisconsin order. 5 U.S.C. § 8345(j)(1). This court views the mention of 296 months in OPM's explanatory letter as a typographical error that did not impact the actual calculation.

Mr. Adler also contends that OPM should not have processed the Wisconsin Order because it was not accompanied by a certification stating it was currently in force, as required under 5 C.F.R. §838.221(b). To the extent this was an error, it was harmless. After informing Mr. Adler in July of 1998 that it was bound to apply the Order absent an amended or superseding Order, OPM was effectively on notice that the Order was in force by the lack of a response from Mr. Adler.

Strangely, Mr. Adler contends that OPM erred by not awarding Ms. Baker a share of his survivor annuity, as

stated in the Order.  OPM found that the portion of the Order referencing the survivor annuity was not acceptable for processing because it was issued after Mr. Adler retired, contrary to regulations.  *See* 5 C.F.R. § 838.806(a); [A76].  This court agrees, and therefore finds no merit to the argument that this somehow implicates the validity of the Order.

Finally, Mr. Adler contends that OPM has violated several procedures and regulations.  Most of these regulations, though, do not apply to Mr. Adler's case because they concern court orders submitted to OPM prior to 1993.  *See* 5 C.F.R. § 838.101(c).  None of the alleged violations, though, have in any way affected OPM's processing of the Order.  For example, Mr. Adler contends that OPM failed to properly designate and inform him of the replacement representative handling his matter.  This and similar contentions in no way alter the outcome of Mr. Adler's case.

Mr. Adler points out in his informal reply brief that the government was apparently untimely in the filing of its informal response brief.  The government failed to file its informal response brief within 21 days, as stated in the Guide for Pro Se Petitioners and Appellants.  The Guide also notes, though, that when the "appellee or respondent fails to comply with the rules, you are not entitled to the relief you seek solely by reason of that noncompliance, because the appellant or petitioner always has the burden to establish entitlement to relief in the court of appeals and cannot meet that burden by the failure of another to comply with the rules."  Therefore, the apparent untimeliness of the government's response has no impact on the merits of Mr. Adler's case.

## V

The decision is **AFFIRMED**.