**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FREDERICK G. THORNE, JR.,
               Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
AT-0831-13-1823-I-1

DATE: October 17, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Frederick G. Thorne, Jr.</u>, Malabar, Florida, pro se.

<u>Tynika Faison-Johnson</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) awarding a portion of the appellant's Civil Service Retirement System (CSRS) annuity to his former spouse. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant and his former spouse were married from January 1, 1974, until they divorced on May 20, 1993, a period spanning 232 months of the appellant's creditable service under the CSRS. Initial Appeal File (IAF), Tab 5 at 30. On March 3, 1997, the appellant and his former spouse entered into a second amended order ("Order") regarding the appellant's civil service retirement. *Id*. at 29-33. The Order stated that the appellant assigned to the former spouse "an annuity" to be determined in the following manner:

> The CSRS and the OPM shall determine the Employee's entitlement to all retirement benefits under the plan as of May 20, 1993. The amount determined shall be the amount in total benefits the Employee would have received had he retired on that day. The amount so determined shall then be divided in half, with one-half set aside as the Former Spouse's share of the Employee's entitlement to retirement benefits as of that date. The Former Spouse's one-half, and any accretion to said one-half, shall be paid to her at such time as the retirement goes into pay status. The Former Spouse's share

> shall not be credited with any amount paid into the retirement plan by or on behalf of the Employee after May 20, 1993. The Former Spouse's share shall only be credited with growth resulting from passive gains by her interest in the plan, if any.

*Id*. at 30. The Order further explained the former spouse's right to receive "annuity payments" under the agreement, stating that the appellant would "take all necessary steps to ensure that the [f]ormer [s]pouse's annuity payments" would begin as soon as she may receive them under the Order. *Id*. at 32.

¶3 The appellant's retirement annuity commenced on June 1, 2011, and OPM initially computed the former spouse's apportionment as 50 percent of the appellant's gross annuity as of the commencement date. IAF, Tab 1 at 9. After the appellant contested the apportionment amount, OPM corrected the apportionment based on the language of the Order, calculating the former spouse's annuity using the appellant's high-three average salary and months of service as of May 20, 1993. *Id*. at 9-10. The appellant filed a reconsideration request with OPM, arguing that the intent of the Order was that his contributions as of May 20, 1993, would be divided, rather than establish an ongoing monthly annuity to his former spouse. *Id*. at 10. In its reconsideration decision, OPM notified the appellant that, under 5 C.F.R. § 838.612, a court order using the term "retirement benefits" can be used to divide either an employee annuity or refund of employee contributions, and that because the appellant applied for a retirement annuity rather than a refund of his contributions, OPM was required by the Order to use the formula in the court order dividing the monthly annuity. *Id*. However, OPM notified the appellant that he could petition the court for modification/clarification of the Order, and that it would accept an amended court order pursuant to 5 C.F.R. § 838.225. *Id*.

¶4 The appellant filed this appeal, arguing that OPM had repeatedly misinterpreted the Order and miscalculated his civil service retirement benefits without explaining how the calculations were made. *Id*. at 4-5. He argued that because he was only 45 years of age and had only 19 years and 4 months of

creditable service as of May 20, 1993, he had no retirement eligibility as of that date and thus no retirement annuity to divide. IAF, Tab 8 at 5. The administrative judge sent a notice to the appellant's former spouse regarding her right to participate as an intervenor in the appeal. IAF, Tab 10.[2]

¶5       The administrative judge conducted a prehearing conference, during which the parties agreed that the issues in the appeal are whether the Order dated March 3, 1997: (1) is valid and enforceable, and (2) obligates OPM to provide an ongoing annuity to the appellant's former spouse, rather than a one-time division of the appellant's retirement contributions as of May 20, 1993. IAF, Tab 14. The administrative judge confirmed the issues with the parties during the December 4, 2013 hearing. IAF, Tab 15, Hearing Tape. During the hearing, the appellant argued that the Order was enforceable and that, by its clear language, his former spouse was entitled to only one-half of his retirement contributions as of May 20, 1993, but not to any portion of his retirement annuity. The administrative judge affirmed OPM's reconsideration decision, finding that the Order was enforceable and acceptable for processing, and that the appellant had not established by a preponderance of the evidence that the Order required a one-time payment to his former spouse or that OPM had incorrectly calculated the appellant's share of the retirement annuity. IAF, Tab 16, Initial Decision (ID) at 4-6.

¶6       In his petition for review, the appellant repeats his argument that OPM had misinterpreted the Order and maintains that the administrative judge failed to consider the Order in its entirety. Petition for Review (PFR) File, Tab 1 at 4-5. The appellant further argues that OPM's prior recalculations of the retirement

---

[2] The notice was mailed to the appellant's former spouse but was returned to sender. IAF, Tab 14. Although the appellant's former spouse did not receive the notice, we find that it did not prejudice her substantive rights and does not warrant a remand because her rights have not been adversely affected by either the initial decision or this final order. *See Alexander v. Office of Personnel Management*, 58 M.S.P.R. 358, 368 (1993).

annuity apportionments indicated a lack of competency and clear understanding of the Order. *Id*. at 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 The appellant has the burden of proving, by a preponderance of the evidence, that his former spouse is not entitled to the portion of his annuity benefits awarded by OPM. *Hamilton v. Office of Personnel Management*, 114 M.S.P.R. 439, ¶ 14 (2010); *see Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. *Hamilton*, 114 M.S.P.R. 439, ¶ 14; 5 C.F.R. § 1201.56(c)(2). In this case, the appellant must establish that OPM incorrectly interpreted the Order in calculating his former spouse's share of his retirement benefits.

¶8 The appellant testified in the hearing that the language of the Order was clear, and he made no argument in his petition for review that the Order was not valid and enforceable. *See* PFR File, Tab 1 at 4-5. The appellant has made no argument that the administrative judge erred in finding that the Order met the requirements for processing under 5 C.F.R. Part 838, and we find no reason to disturb this finding. Instead, the petition for review focuses on the second issue in the appeal, asserting that the Order entitled his former spouse only to one-half of the contributions paid into the retirement system as of May 20, 1993. *Id*. In interpreting the terms of a court order awarding a former spouse a share of an employee annuity or a refund of contributions, OPM applies the regulations under 5 C.F.R. Part 838, Subpart F. *See* 5 C.F.R. §§ 838.102(a)(4), 838.601(a). The regulations distinguish between the division of an employee annuity and refund of employee contributions. A court order using the terms "annuities" and "retirement benefits" may be used to divide an annuity or a refund of

contributions, while such terms as "contributions" and "deposits" may only be used to divide the amount of employee contributions paid into the fund. 5 C.F.R. § 838.612.

¶9        We find that the appellant has failed to establish by a preponderance of the evidence that his former spouse is entitled to only a lump-sum payment of one-half of his retirement contributions as of May 20, 1993, or that OPM miscalculated his annuity.  As noted above, OPM informed the appellant that, because he had elected and received retirement benefits rather than taking a refund of his contributions, the agency was obligated to use a monthly annuity in calculating the share for his former spouse.  IAF, Tab 1 at 10; *see* 5 C.F.R. § 838.612.  The Order contained a separate provision regarding the apportionment of a "lump-sum credit" that would be triggered by the appellant's receipt of such credit, in contrast to the provision regarding dividing the CSRS annuity that would occur "at such time as the retirement goes into pay status."  IAF, Tab 5 at 30-31.  OPM's and the administrative judge's interpretation that the Order called for an annuity for the former spouse is reasonable on its face and supported by the plain language of the Order.  *Id*. at 29-33.  In addition to the direct reference to an annuity in the clause dividing the CSRS plan benefits, the Order also refers to the former spouse's right to receive "annuity payments," which undermines the appellant's argument that the Order called for a one-time payment.  *Id*. at 32.  Even though the appellant was not eligible for immediate retirement as of May 20, 1993, OPM's regulations provide that "[a] court order that awards a portion of an employee annuity as of a specified date before the employee's retirement awards the former spouse a prorata share" of the employee's gross monthly annuity.  5 C.F.R. § 838.621(c); *see* IAF, Tab 8 at 5; *see also Hamilton*, 114 M.S.P.R. 439, ¶ 16.

¶10        The record does not support a finding that OPM's recomputed former spouse annuity calculations are incorrect or a misinterpretation of the Order.  A court order that awards a portion of an employee annuity as of a specified date

prior to the employee's retirement generally awards the former spouse a pro rata share, which is defined as one-half of the fraction whose numerator is the number of months of federal civilian and military service that the employee performed during the marriage and whose denominator is the total number of months of federal service. 5 C.F.R. § 838.621(a), (c); *see Adler v. Office of Personnel Management*, 114 M.S.P.R. 651, ¶ 12 (2010), *aff'd*, 437 F. App'x 928 (Fed. Cir. 2011); *Hamilton*, 114 M.S.P.R. 439, ¶¶ 16-17. The first amended order regarding the CSRS in the appellant's divorce proceedings explicitly used this formula. IAF, Tab 5 at 45. The appellant and his former spouse then amended the division of marital property in the Order, signifying that they did not wish to use this standard formula. *See id*. at 30. We find OPM's interpretation of the Order reasonable on its face, finding that the appellant's former spouse's share of the annuity should account for only the high-three salary and creditable service as of May 20, 1993. IAF, Tab 1 at 9-10. Such a formula adequately accounts for the language of the Order entitling the former spouse to a one-half share of "retirement benefits" as of May 20, 1993, but with no credit for amounts paid into the retirement system after that date. *See* IAF, Tab 5 at 30. Finally, we note that both OPM and the administrative judge notified the appellant that he could seek a clarification/modification of the Order from the court and that the appellant maintains that the Order was clear and enforceable. *See* IAF, Tab 1 at 10; ID at 6; PFR File, Tab 1 at 4-5.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 			_____
					William D. Spencer
					Clerk of the Board

Washington, D.C.