## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATILDA G. MILES,
                Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
AT-0843-18-0494-I-2

DATE: June 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matilda G. Miles</u>, Vicksburg, Mississippi, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that she was not eligible for survivor annuity benefits under the Federal Employees' Retirement System (FERS). Generally, we grant petitions

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant married the decedent, William A. Miles, in Tennessee on November 14, 2000. *Miles v. Office of Personnel Management*, MSPB Docket No. AT-0843-18-0494-I-1, Initial Appeal File (IAF), Tab 9 at 13. The decedent retired from his Federal civilian position under FERS on or around November 30, 2004. *Id.* at 21. At the time of his retirement, he elected a reduced annuity with maximum survivor annuity for the appellant. *Id.* He filed for divorce from the appellant, and the Chancery Court for Lake County, Tennessee, issued a Final Decree of Divorce on February 17, 2009. *Id.* at 15-17. The Final Decree of Divorce did not specifically include a provision regarding the decedent's retirement annuity benefits or the appellant's entitlement to a survivor annuity. *Id.*

The decedent passed away on August 31, 2017. *Id.* at 14. Shortly thereafter, the appellant filed an application for survivor annuity benefits with OPM as a widow. *Id.* at 9-12. In a January 30, 2018 decision, OPM found

that the appellant was not eligible for survivor annuity benefits as the former spouse of the decedent because "a review of the court order indicate[d] that [she was] not awarded a survivor annuity." *Id.* at 7. The appellant requested reconsideration. *Id.* at 4. In a May 8, 2018 reconsideration decision, OPM affirmed its initial decision. *Id.* at 4-6.

The appellant filed an appeal with the Board challenging OPM's reconsideration decision, and she requested a hearing. IAF, Tab 1. The administrative judge dismissed the appeal without prejudice to provide the appellant an opportunity to petition the court that issued the divorce decree to modify or quash it based on her claim of mistake and/or fraud. IAF, Tab 10 at 1-3. He gave the appellant up to 6 months to refile the appeal. *Id.* at 2. The appellant refiled the appeal less than 2 weeks later. *Miles v. Office of Personnel Management*, MSPB Docket No. AT-0843-18-0494-I-2, Appeal File (I-2 AF), Tab 1 at 1. Following a telephonic hearing, I-2 AF, Tab 8, the administrative judge issued an initial decision affirming OPM's reconsideration decision, I-2 AF, Tab 9, Initial Decision (ID) at 1, 3-5. He found that, although the appellant claimed that she had not been notified of the divorce and OPM should honor the decedent's election of a survivor annuity at the time of his retirement, an individual's marital status is determined by state law. ID at 4. He noted that the appellant acknowledged at the hearing that the divorce decree was an authentic court order and that the issuing court refused to modify it based on her recent requests. *Id.* He determined that the appellant was not entitled to a survivor annuity as a former spouse because there was no evidence that the decedent elected to provide her with a survivor annuity under 5 U.S.C. § 8417(b) at any time after the divorce or that the divorce decree expressly provided her with a survivor annuity. ID at 4-5 (citing 5 U.S.C. § 8445(a)).

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has not filed a response.

**DISCUSSION OF ARGUMENTS ON REVIEW**

On review, the appellant does not make any arguments or provide any evidence to demonstrate error by the administrative judge. Rather, she simply asserts that she is filing a petition for review because the administrative judge affirmed the agency's action. *Id.* We find that the appellant's one-sentence petition for review does not meet the Board's criteria for review under 5 C.F.R. § 1201.115. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (finding that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); *see also Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (determining that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error)*, review denied*, 669 F.2d 613 (9th Cir. 1982) (per curiam).

Nonetheless, the Board has found that the strict application of the adversarial model of adjudication is not always appropriate in a case involving retirement annuity benefits, including survivor annuity benefits. *Searcy v. Office of Personnel Management*, 98 M.S.P.R. 598, ¶ 8 (2005). Under the particular circumstances of this appeal, including the appellant's pro se status and her statement that she had "no knowledge" of the divorce decree and that she took

care of the decedent until his death,[2] IAF, Tab 1 at 3, we have conducted a full review of the record.

The burden of proving entitlement to a survivor annuity is on the applicant for benefits. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). We discern no error with the administrative judge's reliance on 5 U.S.C. § 8445(a), which governs the rights of former spouses. As noted above, the appellant and the decedent divorced in 2009, and the appellant acknowledged that the divorce decree was an authentic court order. Based on this evidence, we must view the appellant as a former spouse in our assessment of her entitlement to a survivor annuity.

Pursuant to 5 U.S.C. § 8445(a), the appellant's entitlement to a former spouse survivor annuity can arise "if and to the extent expressly provided for in an election under [5 U.S.C. §] 8417(b)" or "the terms of any decree of divorce . . . or any court order or court-approved property settlement agreement incident to such decree." The administrative judge found that neither circumstance arises here, ID at 4-5, and we agree with his analysis. First, an election under 5 U.S.C. § 8417(b) must "be made at the time of retirement or, if the marriage is dissolved

---

[2] The administrative judge noted that the appellant indicated below that the decedent was not mentally competent to sign documents on his own behalf. ID at 4. Indeed, in her initial appeal form, the appellant asserted, "I were his oversee over his check, taking care of everything, he were mentally empaired, should been aloud to sign paper or Anything." IAF, Tab 1 at 3 (spelling, grammar, capitalization, and punctuation as in original). Because the appellant clearly does not seek to invalidate any survivor annuity election made by the decedent, we construe her assertion as referring to the decedent's alleged mental incompetence at the time he signed the divorce decree. However, the Board lacks jurisdiction to address such a claim. *See, e.g.*, *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (stating that the Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation); *see also Adler v. Office of Personnel Management*, 114 M.S.P.R. 651, ¶ 10 (2010) (explaining that the Board lacks jurisdiction to review actions by state courts), *aff'd*, 437 F. App'x 928 (Fed. Cir. 2011). If the appellant wishes to further pursue this issue, she must do so before the relevant jurisdiction. *See, e.g.*, *Adler*, 114 M.S.P.R. 651, ¶¶ 3, 10 (discussing 5 C.F.R. § 838.224 and explaining that the appellant must return to the local court to obtain a court order to declare an order regarding a Civil Service Retirement System annuity payment/lump sum credit/survivor annuity invalid or to set it aside).

after the date of retirement, within 2 years after the date on which the marriage of the former spouse to the employee . . . is so dissolved." It is undisputed that the decedent made no election of a survivor annuity for the appellant at any time from the date of the divorce to the date of his death. ID at 5. Second, pursuant to 5 C.F.R. § 838.804(a), a court order awarding a former spouse survivor annuity is not a court order acceptable for processing unless it expressly awards a former spouse survivor annuity or expressly directs an employee or retiree to elect to provide a former spouse survivor annuity as described in subsection (b). The administrative judge examined the Final Decree of Divorce, and he correctly concluded that this decree did not expressly provide the appellant a survivor annuity.[3] ID at 5. We therefore discern no basis to disturb the administrative judge's determination that OPM's reconsideration decision must be affirmed.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] The Final Decree of Divorce "adopt[ed,] affirm[ed,] and ratifie[d] the property settlement agreement" and incorporated by reference the agreement into the final decree. IAF, Tab 9 at 17. However, the record does not contain a copy of any property settlement agreement.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.