# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHAUDA S. NIX,

      Appellant,

      v.

NATIONAL ARCHIVES AND
  RECORDS ADMINISTRATION,

      Agency.

DOCKET NUMBER
DC-0752-24-0022-I-1

DATE:  March 27, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shauda S. Nix, Washington, D.C., pro se.

Neil Hillis, Esquire, and Stephani L. Abramson, College Park, Maryland,
  for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal.  She does not make any specific arguments as to why the initial decision was wrongly decided.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to further discuss the proper standard for the agency's charge of providing misleading information, we AFFIRM the initial decision.

The agency removed the appellant based upon three charges: (1) failure to follow procedures, (2) providing misleading information, and (3) inappropriate behavior. Initial Appeal File (IAF), Tab 3 at 24, 26-31, 37-41. In sustaining the removal action, the administrative judge found that the agency proved each. IAF, Tab 18, Initial Decision (ID) at 9-15. We take this opportunity to elaborate about just the second of these charges.

In the initial decision, the administrative judge analyzed the agency's charge of providing misleading information as akin to a lack of candor charge. ID at 12-13. However, a lack of candor charge differs from a misrepresentation or falsification charge in that only the latter requires a showing that the employee supplied wrong information; and knowingly did so with the intention of defrauding, deceiving, or misleading the agency for her own private material gain. *Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶¶ 10-12, 14 (2014). Lack of candor does not require proof of this intention to defraud. *Id.*, ¶¶ 12, 14 (citing *Leatherbury v. Department of the Army*, 524 F.3d 1293, 1300 (Fed. Cir. 2008) (citation omitted)); *Fargnoli v. Department of Commerce*,

123 M.S.P.R. 330, ¶ 17 (2016) (explaining that a lack of candor charge requires proof that the employee knowingly gave incorrect or incomplete information). Though not raised by the appellant, we have found no clear precedent to determine which of these standards is most appropriate for the agency's charge of providing misleading information. In any event, even if the heightened standard were to apply, we find that the agency met its burden.

On this point about the heightened standard, we first agree with the administrative judge that the agency proved by preponderant evidence that the appellant knowingly provided incorrect information. ID at 13; IAF, Tab 3 at 41. When interviewed as part of a Human Resources investigation into her conduct, the appellant represented that she always properly weighed the boxes at issue. IAF, Tab 3 at 92. The administrative judge, in her initial decision, found "ample evidence to conclude that the appellant was aware she did not actually weigh the boxes at issue when she told [the Human Resources employee] that she had." ID at 13. The appellant has not challenged this determination on review, and we discern no reason to disturb it.

We now turn to the one element of a misrepresentation charge that the administrative judge did not address: whether the appellant made her statements for private material gain. "Private material gain" is quite broad and includes avoiding discipline. *Boo*, 122 M.S.P.R. 100, ¶ 13. Taking the totality of the circumstances into consideration, we find it likely that the appellant intentionally misled the Human Resources employee to prevent her own misconduct from being discovered and to avoid removal. IAF, Tab 3 at 28, 36-37, 63-68, 90, 92. Therefore, we conclude that the agency proved the charge of providing misleading information under either standard, i.e., the one akin to lack of candor and the one akin to falsification. We otherwise agree with the administrative judge's findings and her decision to sustain the appellant's removal.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*

                             _____

                             Gina K. Grippando

                             Clerk of the Board

Washington, D.C.