**Carl F. BOCK, Petitioner,**

v.

**OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.**

No. 02–3086.

United States Court of Appeals,
Federal Circuit.

Sept. 24, 2002.

Before NEWMAN, MICHEL, and PROST, Circuit Judges.

PER CURIAM.

Carl F. Bock ("Bock") petitions for review of the decision of the Merit Systems Protection Board ("Board"), No. SF–0831–01–0008–I–1, affirming the reconsideration decision of the Office of Personnel Management ("OPM") awarding Bock's former spouse Marlene Mickelson ("Mickelson") a former spouse survivor annuity of 55% of Bock's retirement annuity. For the reasons discussed herein, we *vacate* this decision and *remand* for further proceedings consistent with this opinion.

Bock and Mickelson divorced on August 3, 1998. On July 15, 1999, the Superior Court of California for the County of San Diego entered a Qualified Domestic Relations Order ("QDRO") as part of a judgment of dissolution of marriage. The QDRO stated:

> Under section 8341(h)(1) of title 5, United States Code, Former Spouse [Mickelson] is awarded the maximum possible former spouse survivor annuity under the Civil Service Retirement System.

Bock remarried on February 12, 1999. On January 3, 2000, Bock retired after thirty-six years of service with the federal government. Bock's application for retirement included an "Election of Former Spouse Survivor Annuity or Combination Current/Former Spouse Annuity" form, wherein Bock elected to provide survivor annuities to his former spouse Mickelson,

and his current spouse Adrienne Bock. The form specified that Mickelson would receive a survivor annuity of 2.4% of Bock's monthly retirement annuity and the current Mrs. Bock would receive a survivor annuity of 52.6% of Bock's monthly retirement annuity, for the total maximum allowed survivor annuity of 55%. Mickelson's share was calculated on a pro rata basis for the number of years that she was married to Bock during his thirty-six years of federal service.

On April 14, 2000, after Bock had retired, OPM notified Bock by letter that it would be awarding Mickelson the maximum possible former spouse survivor annuity under the terms of the QDRO. Mr. Bock called OPM to determine how it interpreted "the maximum possible former spouse survivor annuity" and OPM responded that Mickelson would receive 55% of his annuity. *See* 5 C.F.R. §§ 838.711, 831.611(c), 831.641, Appendix A to Part 838, Supart I (2002). Thus, the current Mrs. Bock would receive no part of Bock's survivor annuity. *See* 5 U.S.C. § 8341(b)(4) (1994); 5 C.F.R. § 831.611(b) (2002). Bock believed that OPM misinterpreted the QDRO, which he understood to award Mickelson the maximum possible annuity based on the number of years she was married to Bock. Mickelson apparently agreed that she was not intended to receive the full survivor annuity because she and Bock petitioned the Superior Court of California to clarify the terms of the QDRO. On June 28, 2000, the Superior Court issued an amended order that deleted the surviving spouse annuity provision from the original QDRO and replaced it with the following language:

> Under section 8341(h)(1) of title 5, United States Code, Former Spouse/Wife [Mickelson] is awarded her pro rata share of the former spouse survivor annuity under the Civil Service Retirement System. The parties married on May 8,

1993, and separated on December 4, 1996.

Bock submitted the amended QDRO to OPM and requested that OPM use this new language to calculate Mickelson's share of the survivor annuity. OPM refused to accept the amended order because it was submitted after Bock's retirement.

■ According to 5 U.S.C. § 8341(h)(4):

> For purposes of this subchapter, a modification in a decree, order, agreement, or election referred to in paragraph (1) of this subsection shall not be effective—
>
> (A) if such modification is made after the retirement or death of the employee or Member concerned, and
>
> (B) to the extent that such modification involves an annuity under this subsection.

To implement this statutory provision, OPM promulgated 5 C.F.R. § 838.806(b) (Amended court orders):

> For purposes of awarding, increasing, reducing, or eliminating a former spouse survivor annuity, or explaining, interpreting, or clarifying a court order that awards, increases, reduces or eliminates a former spouse survivor annuity, the court order must be—
>
> (1) Issued on a day prior to the date of retirement or date of death of the employee; or
>
> (2) The first order dividing the marital property of the retiree and the former spouse.

Thus the statute and its implementing regulation clearly prohibit OPM from accepting the amended QDRO because it modified the survivor annuity provision of the original QDRO and was submitted after Bock's date of retirement. *See Vaccaro v. Office of Pers. Mgmt.*, 262 F.3d 1280 (2001) (rejecting a court order adding a survivor annuity to the original order dividing prop-

erty); *cf. Newman v. Love,* 962 F.2d 1008 (Fed.Cir.1992) (finding that a second court order awarding a former spouse survivor annuity was not a prohibited modification because the original order reserved ruling on division of property). This is true even though the original QDRO may not reflect the parties' or the court's intentions. *See Hokanson v. Office of Pers. Mgmt.,* 122 F.3d 1043 (Fed.Cir.1997) (rejecting a "clarifying" court order issued after former husband's death); *Rosato v. Office of Pers. Mgmt.,* 165 F.3d 1377, 1381 (Fed.Cir.1999) ("Under the regulations that govern this case, OPM is obligated to follow the dictates of the state appellate court decision (even when, as here, it knows that to do so contravenes the intent of the state court.)").

While we agree with OPM that it could not accept the amended QDRO, we do not agree that Mickelson should receive the benefits stated in the original order, as construed by OPM. According to 5 C.F.R. § 838.721(b)(1)(ii), Mickelson's application for survivor benefits must include a certification "that the court order [awarding survivor benefits] is currently in force and has not been amended, superseded, or set aside." Mickelson cannot make such a certification. Moreover, it is troubling that OPM might award benefits based on a provision in a court order that no longer even exists. We note, in this regard, 5 C.F.R. § 838.724 (Contesting the validity of court orders):

(a) An employee, retiree or person adversely affected by a court order who alleges that a court order is invalid must prove the invalidity of the court order by submitting to OPM a court order that—

(1) Declares invalid the court order submitted by the former spouse; or

(2) Sets aside the court order submitted by the former spouse.

It is possible that Bock has invalidated the survivor annuity provision of the original QDRO by submitting the amended QDRO to OPM, but no one appears to have considered this possibility. We believe that the parties affected, not this court, should consider this issue in the first instance, along with its attendant consequences, such as whether Bock's election would then determine the distribution of survivor benefits if the original provision of the order is indeed invalid. For this reason, we vacate OPM's decision that Mickelson is entitled to the entire maximum surviving spouse annuity and remand this case for consideration of whether Bock has taken the necessary steps to invalidate the original QDRO's award of a former spouse survivor annuity according to § 838.724, and if so, to determine the amount of Mickelson's and Mrs. Bock's respective survivor annuities. Nothing in this opinion should be construed as precluding Bock from taking additional steps to invalidate the original QDRO, should he so choose.