NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3326

BARBARA JEAN MILLER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Benjamin E. Orsatti, Pollock Begg Komar Glasser LLC, of Pittsburgh, Pennsylvania, for petitioner.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Reginald T. Blades,Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3326

BARBARA JEAN MILLER,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in PH0831080085-I-1.

_____

DECIDED: May 11, 2009

_____

Before MICHEL, Chief Judge, LOURIE, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Barbara Miller appeals from the decision of the Merit Systems Protection Board ("Board") affirming the decision of the Office of Personnel Management ("OPM") denying her survivor annuity benefits under the Civil Service Retirement System. Miller v. Office of Pers. Mgmt., PH-0831-08-0085-I-1 (M.S.P.B. June 26, 2008). Because the Board's decision was in accordance with law and supported by substantial evidence, we affirm.

BACKGROUND

Barbara Miller was married to Kenneth Miller when the latter retired from federal service on June 30, 1999. Mr. Miller's federal employment included serving eight years in the U.S. Air Force, eight years in a civilian job with the U.S. Army, and over twenty years with the U.S. Department of Labor. Mr. Miller retired from the Department of Labor under the Civil Service Retirement System ("CSRS"). At the time of his retirement Mr. Miller opted for reduced monthly payments on his lifetime annuity in order to provide a survivor annuity for his wife. That survivor annuity would take effect after Mr. Miller's death. In addition to his CSRS annuity, Mr. Miller's service in the Air Force entitled him to a military pension as well.

Shortly after Mr. Miller's retirement, the Millers separated. On October 15, 1999, Mr. Miller filed for divorce. Nearly five years later, on June 11, 2004, the Millers entered into a Decree and Order (the "2004 Decree") providing for an equitable distribution of their assets. Among other things, the 2004 Decree granted appellant a 28% share of Mr. Miller's military pension. The 2004 Decree also stipulated that appellant would receive a reduced receipt of Mr. Miller's Department of Labor pension, which was then in pay status.

On June 14, 2005, the Millers consented to the entry of a Qualified Domestic Relations Order (the "2005 QDRO") that provided appellant with "fifty percent of [Mr. Miller's] monthly annuity under the Civil Service Retirement System." On July 1, 2005, the Millers entered into a Consent Order of Court ("2005 Amendment") amending Paragraph 4(a) of the 2004 Decree. The following language was added to that paragraph:

Barbara J. Miller shall retain survivor benefits and Barbara J. Miller shall receive survivor benefits from the Survivor Benefit Plan upon the death of Kenneth E. Miller.

On September 8, 2005, the Millers' divorce was finalized. The decree of the Court of Common Pleas incorporated the 2004 Decree, but did not mention the 2005 QDRO or the 2005 Amendment.

Shortly after the divorce was finalized, on October 26, 2005, Mr. Miller submitted to OPM a "Request for Change to Unreduced Annuity." Mr. Miller requested that OPM begin sending him his monthly retirement benefits in an unreduced amount, effectively terminating the survivor annuity for his ex-wife.

On March 3, 2007, Mr. Miller passed away. Shortly thereafter, appellant called OPM and was informed that all annuity benefits had been terminated. On May 24, 2007, appellant was granted a Petition to Clarify Order ("2007 Clarification") by the Court of Common Pleas that conducted the Walkers' divorce proceedings. The 2007 Clarification stated that the 2005 Amendment "was intended to apply to both the military pension and the Department of Labor Pension." The order explicitly characterized itself as a "clarification" of the 2005 Amendment, not a "modification" of that order.

On May 31, appellant requested survivor annuity benefits from OPM and attached a copy of the 2007 Clarification. OPM denied that request because the divorce decree in OPM's file, the 2004 Decree, made no reference to any survivor benefits payable under CSRS. Miller requested reconsideration of OPM's decision. In response, OPM affirmed its initial decision. According to OPM, the 2004 Decree did not contain an express allocation of survivor annuity benefits as required by U.S.C. § 8341. In further support of its decision, OPM pointed to the fact that the 2005 Amendment

2008-3326

-3-

amended only the paragraph relating to Mr. Miller's military pension. OPM did not consider the 2007 Clarification because it was received after Mr. Miller's death.

Appellant timely appealed to the Board. In an initial decision dated February 28, 2008, the administrative judge ("AJ") affirmed OPM's denial of appellant's claim. The AJ found that appellant had failed to establish by a preponderance of the evidence that she was entitled to a survivor annuity under CSRS. According to the AJ, the 2004 Decree, the 2005 Amendment, and the 2005 QDRO all failed to expressly provide for a former spouse survivor annuity. The AJ also found the 2007 Clarification to be an "impermissible modification." Miller, slip. op. at *6.

Appellant appealed the AJ's decision. On June 26, 2008, the Board denied her petition for review and the AJ's decision became the final decision of the Board. Appellant then timely appealed the Board's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). A claimant for benefits under the CSRS must prove by a preponderance of the evidence that she is entitled to such benefits. True v. Office of Pers. Mgmt., 926 F.2d 1151, 1153 (Fed. Cir. 1991).

On appeal, appellant argues that the Board erred in its interpretation of the language and purpose of the 2005 Amendment. According to her, the 2005 Amendment secured her right to a former spouse survivor annuity stemming from Mr. Miller's work with the Department of Labor. In advancing that interpretation of the 2005 Amendment, she relies heavily on our decision in Fox v. Office of Pers. Mgmt., 100 F.3d 141 (Fed. Cir. 1996). She further alleges that OPM denied her survivor benefits after assuring her that she would receive such benefits. That assurance, appellant argues, should bind OPM under a theory of equitable estoppel.

The government replies that appellant is not entitled to CSRS survivor benefits because Mr. Miller timely revoked his earlier election to provide a survivor annuity to his wife. Furthermore, the government contends, the various court decrees dividing the Millers' marital property do not expressly provide for a survivor annuity and therefore do not entitle appellant to such an annuity.

We agree with the government. A former spouse of a deceased employee is entitled to a survivor annuity if the employee elected to provide for such an annuity or if provided for in the terms of a divorce decree or "any court order or court approved settlement" incident to such a decree. 5 U.S.C. § 8341(h)(1). It is clear, and appears to be uncontested, that Mr. Miller was entitled to revoke his election to provide his ex-wife with a survivor annuity. That being the case, the only method with which appellant could have secured her rights to a survivor annuity per 5 U.S.C. § 8341 was through a court order incident to the divorce decree.

To meet the statutory requirements needed to secure survivor annuity rights, a court order must expressly provide for such an award in the "decree of divorce . . . or

any court order or court-approved property settlement incident to such de[c]ree." 5 U.S.C. § 8341(h)(1); see also 5 C.F.R. § 838.804(a) (allowing processing only if court order expressly grants annuity or expressly directs the employee to elect such an annuity). In this case, there are four court orders that were "incident" to the divorce decree that are relevant to the right to a survivor annuity for appellant. Those orders are the 2004 Decree, the 2005 QDRO, the 2005 Amendment, and the 2007 Clarification. Appellant only alleges that the latter two, the 2005 Amendment and the 2007 Clarification, are explicit enough to grant annuity rights under OPM regulations and we therefore will address only those two court orders.

Before analyzing whether the 2005 Amendment grants survivor annuity rights to appellant, we turn to the question whether such a grant would be sufficient under U.S.C. § 8341(h)(1). We conclude that it is not, and that conclusion moots the question whether that amendment lawfully granted such rights. The 2005 Amendment modifies the distribution of marital assets set out in the 2004 Decree by granting additional survivor rights to appellant. However, 5 U.S.C. § 8341(h)(4) excludes such modifications from triggering the survivor annuity protections of § 8341(h)(1). Subsection (h)(4) states that a modification of a decree shall not be effective if (1) "such modification is made after the retirement or death of the employee" and (2) "to the extent that such modification involves the annuity under" subsection (h). Thus, since the 2005 Amendment was made after Mr. Miller's retirement, it cannot secure any rights to a survivor annuity for Mrs. Miller. Mrs. Miller's reliance on Fox, 100 F.3d 141, is similarly inapplicable because that case deals with an original divorce decree, not a modification. The present case, because it requires us to look at a modification of a

2008-3326
-6-

divorce decree, requires us to analyze U.S.C. § 8341(h)(4), whereas <u>Fox</u>, which did not involve a modification, did not.

We hold similarly with regard to the 2007 Clarification. 5 C.F.R. § 838.806(b)(1) states that any order "clarifying a court order that awards . . . a former spouse survivor annuity . . . must be issued on a day prior to the date of retirement or date of death of the employee." Thus, since the 2007 Clarification was issued after Mr. Miller's death, it does not secure survivor annuity rights for appellant.

The situation that Mrs. Miller faces in this appeal, while a sympathetic one, is unfortunately not rare, where a retired employee changes his election of survivor annuity rights and a divorce decree is not explicit regarding disposition of that specific entitlement. However, the statutes and regulations are quite definite concerning the requirements for a former spouse survivor annuity, and this court cannot act contrary to those provisions. Mrs. Miller's equitable estoppel argument thus fails because the alleged statements of an OPM employee cannot override the clear requirements governing survivor annuities.

Accordingly, we <u>affirm</u> the Board's decision.

COSTS

<u>No costs</u>.

2008-3326