## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERESA B. CAPPS,

   Appellant,

  v.

OFFICE OF PERSONNEL
 MANAGEMENT,

   Agency,

  and

SANDRA L. CAPPS,

   Intervenor.

DOCKET NUMBER
AT-831M-24-0272-I-1

DATE: April 15, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Benjamin Howard Parr, Opelika, Alabama, for the appellant.

Ryan Sears, Charlotte, North Carolina, for the appellant.

Jo Antonette Bell and Tanisha Elliott, Washington, D.C., for the agency.

Sandra L. Capps, Auburn, Alabama, pro se.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision and ordered it to reinstate the appellant's eligibility for survivor benefits and to cease collecting the $104,795.75 overpayment. For the reasons discussed below, we GRANT OPM's petition for review. We REVERSE the administrative judge's findings that the 1998 court order was not a court order acceptable for processing and that the appellant was entitled to survivor annuity benefits. Instead, we AFFIRM OPM's December 20, 2023 reconsideration decision to the extent that it concluded that the appellant was not entitled to survivor annuity benefits and that she owed an overpayment of $104,795.75. However, we FIND that the appellant is entitled to a waiver of that overpayment.

**BACKGROUND**

The following chronology is complicated but largely undisputed. K.R.C. was originally married to S.L.C. *Capps v. Office of Personnel Management*, MSPB Docket No. AT-831M-24-0272-I-1, Initial Appeal File (IAF), Tab 19, Initial Decision (ID) at 2; IAF, Tab 5 at 6. The marriage between K.R.C. and S.L.C. dissolved on March 27, 1998, in the Circuit Court of Lee County, Alabama. ID at 2; IAF, Tab 6 at 78-84. As part of the divorce judgment, the court incorporated by reference the parties' agreement concerning K.R.C. and S.L.C.'s property. ID at 2; IAF, Tab 6 at 78-83. In pertinent part, the agreement stated that K.R.C. "is a postal employee and will be entitled to Civil Service Retirement," and S.L.C. "shall be designated as the beneficiary of any and all retirement benefits of [K.R.C.] at his death." IAF, Tab 6 at 82.

The appellant married K.R.C. on September 1, 2000. ID at 2; IAF, Tab 5 at 6. On June 7, 2004, K.R.C. and S.L.C. sought to modify the divorce decree, and included an agreement, which stated in pertinent part that S.L.C. "has agreed to waive all rights to any and all retirement benefits of [K.R.C.]," and K.R.C.

"has agreed to waive all rights to any and all retirement benefits [of S.L.C.]." ID at 2; IAF, Tab 5 at 36-37. At a subsequent July 6, 2004 hearing, K.R.C. appeared pro se, but S.L.C. did not appear. IAF, Tab 5 at 34. The court determined that the petition to modify was a request to modify a property settlement agreement, it concluded that it lost jurisdiction over the matter, and the petition to modify was dismissed without prejudice. ID at 2; IAF, Tab 5 at 34.

On January 5, 2006, K.R.C. retired from Federal service, and he designated the appellant to receive the maximum survivor annuity. ID at 2; IAF, Tab 5 at 88-89. K.R.C. died on November 22, 2014. ID at 2; IAF, Tab 6 at 28. The appellant applied for survivor benefits, which she initially received. ID at 2; IAF, Tab 6 at 85-87. However, in approximately 2017 or 2018, S.L.C. applied for survivor annuity benefits, and OPM determined that the 1998 court order entitled S.L.C. to the survivor annuity benefits.[2] ID at 2; IAF, Tab 5 at 7-8, 67. OPM concluded that it erred in providing the appellant with a survivor annuity, it reversed its initial decision in this regard, it terminated her annuity effective July 1, 2019, and it determined that she was erroneously paid from November 23, 2014, to June 30, 2019, and she owed an overpayment of $104,795.75. ID at 2; IAF, Tab 5 at 24-25. The appellant filed a request for reconsideration. IAF, Tab 6 at 56-57.

In July 2020, S.L.C. wrote to OPM. *Capps v. Office of Personnel Management*, MSPB Docket No. AT-831M-21-0586-I-1, Initial Appeal File (0586 IAF), Tab 16 at 14-15. In this correspondence, she stated that, based on the 2004 agreement, she "withdr[e]w [her] application for any benefits or entitlement to [K.R.C.'s] retirement funds," and she requested that "any future payments" be "discontinue[d]" "immediately." *Id.* at 15.

---

[2] It is not clear why S.L.C. applied for survivor annuity benefits considering the 2004 agreement, but it does not appear that S.L.C. disclosed this agreement to OPM at the time of her application.

On December 23, 2020, the Circuit Court of Lee County, Alabama, issued an order in K.R.C. and S.L.C.'s domestic relations matter. IAF, Tab 6 at 49-51. The order noted, among other things, that S.L.C. previously "advised the Court that she did not wish to maintain any claim to the retirement death benefits of [K.R.C.]," and "she had advised [OPM] of her position." *Id.* at 49. The court made the following findings: (1) K.R.C. and S.L.C. executed and filed a June 7, 2004 agreement, entitled "Modify Divorce Decree"; (2) the agreement between K.R.C. and S.L.C. "divested [S.L.C.] of any right to be named beneficiary of any retirement death benefits of [K.R.C.]"; (3) this agreement "created a binding contract of modification between [K.R.C.] and [S.L.C.]"; (4) effective June 7, 2004, SRC "had no right to any retirement or survivor benefits of [K.R.C.]"; (4) effective this same date, K.R.C. "had the legal right to change the beneficiary" of his Postal Service retirement benefits to the appellant; and (5) if K.R.C. named the appellant as the beneficiary of his retirement death benefits, she "is entitled to all rights and benefits under said plan." *Id.* at 50.

OPM issued a July 23, 2021 reconsideration decision, which affirmed its initial decision. IAF, Tab 5 at 6-8. The appellant filed a Board appeal, OPM indicated that it was rescinding its reconsideration decision and that it intended to issue a new decision after further review of the case, and the administrative judge dismissed the appeal. 0586 IAF, Tab 19. On August 23, 2022, OPM issued a new initial decision, which denied the appellant's request for a survivor annuity. IAF, Tab 6 at 22. The appellant requested reconsideration, and OPM issued a December 20, 2023 reconsideration decision, in which it affirmed its initial decision. IAF, Tab 6 at 8-12, 21.

On January 26, 2024, appellant filed a timely Board appeal. IAF, Tab 1. The administrative judge issued a notice to S.L.C., apprising her of her right to intervene. IAF, Tab 8. OPM did not submit a prehearing statement, and it did not appear at the prehearing conference. IAF, Tabs 9, 15. A hearing was held, but OPM did not appear. IAF, Tab 17, Hearing Audio Recording (HAR).

On March 18, 2025, the administrative judge issued an initial decision in which she reversed OPM's reconsideration decision. ID at 2. In pertinent part, the administrative judge discussed OPM's reliance on 5 C.F.R. § 838.1004. ID at 3. Among other things, the administrative judge determined that the 1998 court order did not meet the criteria under 5 C.F.R. § 838.1004 because it did not describe the benefit as a fixed amount, a percentage of the annuity, or by a specific formula, and it was therefore not a court order acceptable for processing.[3] ID at 2-3. The administrative judge therefore ordered OPM to reinstate the appellant's eligibility for survivor benefits and to cease collection of the overpayment. ID at 4.

OPM has filed a petition for review, and the appellant has filed a response. Petition for Review (PFR) File, Tabs 4, 7. OPM's petition for review was filed 2 days late. *Compare* PFR File, Tab 2, *with* PFR File, Tab 4. OPM's representative filed a motion to accept the petition for review as timely filed or to find good cause for the delay. PFR File, Tab 3. The appellant opposes the motion.[4] PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We grant OPM's petition for review.</u>

On petition for review, OPM states that the 1998 divorce decree was the only court order acceptable for processing, it "clearly award[ed] a maximum survivor benefit" to S.L.C., there was no court order issued after the date of the divorce decree that amended the survivor annuity, and it was "reversible error" for the administrative judge to rely on 5 C.F.R. § 838.1004. PFR File, Tab 4 at 6. Instead, OPM asserts that this regulation was used for court orders prior to 1993, and it states that 5 C.F.R. § 838.912(a) is the appropriate regulation for court orders issued in 1998. *Id.*

---

[3] The administrative judge clarified that, due to the ambiguous language in the court order, she did not find that OPM's decision was clearly without merit; thus, she determined that an award of fees was not warranted. ID at 3 n.1.

OPM correctly notes that 5 C.F.R. § 838.1004 pertains only to court orders received by OPM before January 1, 1993.[5]  *Adler v. Office of Personnel Management*, 114 M.S.P.R. 651, ¶ 13 (2010), *aff'd*, 437 F. App'x 928 (Fed. Cir. 2011); *see* 5 C.F.R. § 838.102(a)(6) (stating that "Subpart J," which includes 5 C.F.R. § 838.1004, "continue[s] to apply to court orders received by OPM before January 1, 1993").  However, the administrative judge discussed 5 C.F.R. § 838.1004 in the initial decision because *OPM* cited it in its 2021 and 2023 reconsideration decisions.  *See, e.g.,* IAF, Tab 6 at 8-12 (December 20, 2023

---

[4] To determine whether OPM has shown good cause for the delay in filing the petition for review, the Board will consider, among other things, the length of the delay, the reasonableness of the excuse and showing of due diligence, and whether OPM has presented evidence of the existence of circumstances beyond its control that affected its ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to its inability to timely file the petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  In the motion, the OPM representative states that she had "an unexpected medical emergency," she was under a doctor's care for 2 days (April 29-30, 2025), and during that time, she did not have access to the case file, and her illness rendered her incapable of drafting or submitting any documents related to this case. PFR File, Tab 3 at 4.  She provides medical documentation showing that she was under a doctor's care on April 29-30, 2025, and that she was authorized to return to work on May 1, 2025, the day that she filed OPM's petition.  *Id.* at 5.  To establish that an untimely filing was the result of an illness, the party must (1) identify the time period during which she suffered from the illness, (2) submit medical evidence showing that she suffered from the alleged illness during that time period, and (3) explain how the illness prevented her from timely filing the appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).  OPM's submission satisfies these criteria.  We have considered the appellant's response to the motion, but we conclude that OPM demonstrated good cause for the untimely petition for review. Importantly, the length of the delay (2 days) was minimal, the OPM representative had an unexpected medical emergency, which rendered her unable to timely file the petition, and she promptly filed the petition on the day that she was authorized to return to work. Moreover, the appellant does not assert, and we do not find, that she was prejudiced by OPM's 2-day delay in filing the petition for review.

[5] The regulation states that a "former spouse is entitled to a portion of an employee's retirement benefits only to the extent that the division of retirement benefits is expressly provided for by the court order," which "must state the former spouse's share as a fixed amount, a percentage or a fraction of the annuity, or by a formula that does not contain any variables whose value is not readily ascertainable from the face of the order or normal OPM files."  5 C.F.R. § 838.1004(a)-(b).

reconsideration decision), 40-42 (July 23, 2021 reconsideration decision). Nevertheless, because 5 C.F.R. § 838.1004 does not apply to this matter, the administrative judge erred in this regard. We therefore reverse the initial decision.

<u>The appellant has not proven her entitlement to survivor annuity benefits.</u>

The burden is on the appellant to prove her entitlement to survivor annuity benefits by preponderant evidence.[6] *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); *Resnick v. Office of Personnel Management*, 120 M.S.P.R. 356, ¶ 5 (2013).

> *The 1998 divorce decree expressly awarded S.L.C. a former spouse survivor annuity.*

With exceptions that are not relevant here, "a former spouse of a deceased employee, Member, annuitant, or former Member who was separated from the service with title to a deferred annuity under section 8338(b) of this title is entitled to a survivor annuity under this subsection, if and to the extent expressly provided for in . . . the terms of any decree of divorce . . . or any court order or court-approved property settlement agreement incident to such decree." 5 U.S.C. § 8341(h)(1). Under 5 C.F.R. § 838.804(b)(1), to expressly award a former spouse survivor annuity, the court order must identify the retirement system using terms that are sufficient to identify the retirement system as explained in 5 C.F.R. § 838.911. For example, "CSRS," "FERS," "OPM," or "Federal Government" survivor benefits, or "survivor benefits payable based on service with the U.S. Department of Agriculture," are sufficient identification of the retirement system. 5 C.F.R. § 838.911(a). Under 5 C.F.R. § 838.804(b)(2), the court order must expressly state that the former spouse is entitled to a survivor annuity using terms that are sufficient to identify the survivor annuity as described by 5 C.F.R.

---

[6] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

§ 838.912. For example, the court order must contain language such as "survivor annuity," "death benefits," or "former spouse survivor annuity under 5 U.S.C. § 8341(h)(1)." 5 C.F.R. § 838.912(a).

> The relevant provision from K.R.C. and S.L.C.'s divorce decree stated:

> HUSBAND is a postal employee and will be entitled to Civil Service Retirement. WIFE shall be designated as the beneficiary of any and all retirement benefits of HUSBAND at his death. HUSBAND shall continue to pay any and all premiums required to keep these retirement death benefits in full force and effect and shall execute any and all necessary documents designating WIFE as the beneficiary of any death retirement benefits or any other retirement benefits of the HUSBAND that may accrue to the named beneficiary at the time of HUSBAND's death.

IAF, Tab 6 at 82 (capitalization in original). We find that the term "Civil Service Retirement," coupled with the reference to K.R.C.'s status as a U.S. Postal Service employee, satisfies the requirement of 5 C.F.R. §§ 838.804(b)(1), 911(a). Additionally, the use of the terms "retirement death benefits" and "death retirement benefits" satisfies 5 C.F.R. §§ 838.804(b)(2), 912(a). *See, e.g.*, *Timmers v. Office of Personnel Management*, 101 M.S.P.R. 305, ¶ 9 (2006) (stating that OPM amended its regulations to clarify that court orders awarding "death benefits" to a former spouse are sufficient to constitute an award of survivor annuity benefits under 5 C.F.R. § 838.912(a)). Thus, the 1998 court order expressly awarded a survivor annuity to S.L.C.

We have considered the appellant's assertions made during the hearing regarding her entitlement to survivor annuity benefits, but they do not warrant a different outcome. HAR. For example, she asserted that the 1998 divorce decree misidentified the retirement system because it used the term "Civil Service Retirement," not "Civil Service Retirement System." *Id.* We are not persuaded that the omission of this single word, in context, warrants a different outcome.

We have reviewed the court's decision in *Grande v. Office of Personnel Management*, 157 F. Appx 291, 294 (Fed. Cir. 2005), which discussed the

requirement that a court order must "explicitly reference a former spouse survivor annuity." The court cited, among other things, *Warren v. Office of Personnel Management*, 407 F.3d 1309 (Fed. Cir. 2005). *Id.* In *Grande*, 157 F. App'x at 294, the court concluded that the term "pension benefits" was not an express provision for a survivor annuity in a divorce decree. In *Warren*, 407 F.3d at 1314, the court determined that the term "Fifty Percent (50%) of benefits available on the date of divorce" did not constitute an express provision of a survivor annuity because, among other things, the survivor annuity was not one of the "benefits available" at the time of the divorce and the reference to "Fifty Percent" "has no sensible application to a survivor annuity, which by its nature is not shared between the retiree and the survivor." *Id.* The terminology at issue in *Grande* and *Warren* is not comparable to the terminology at issue in this matter.

The appellant also asserted that there is ambiguity in the divorce decree, particularly the language "at the time of [K.R.C.'s] death." HAR. She also asserted that K.R.C.'s Thrift Savings Plan (TSP) benefits were paid to the appellant's son, not S.L.C. *Id.*; *see* IAF, Tab 16 at 6 (May 20, 2015 correspondence from the TSP's Death Benefits Processing Unit). The administrative judge also identified some ambiguities in the divorce decree language. ID at 3. However, these assertions are not persuasive. Importantly, the regulations relating to court orders affecting retirement benefits in 5 C.F.R. part 838 "ha[ve] no application to the [TSP]." 5 C.F.R. § 838.101(d).[7] Moreover, for the reasons discussed above, any ambiguities in the divorce decree do not outweigh the clear textual language, which we find expressly awarded survivor annuity benefits to S.L.C.

---

[7] The TSP regulations involving court orders may be found at 5 C.F.R. part 1653.

*Neither the 2004 agreement between K.R.C. and S.L.C. nor the 2020 court order constitutes a modification or amendment of the 1998 divorce decree.*

As noted above, K.R.C. and S.L.C. reached an agreement in June 2004, before K.R.C. retired. We have considered the appellant's assertion, made during the hearing, that 5 U.S.C. § 8341(h)(4) permits modifications to court orders by "agreement."[8] HAR. The appellant's counsel conceded that various courts have interpreted the "agreement" language in subsection (h)(4) as "court-ordered" agreements, but he asserted that the 2004 agreement, which predated K.R.C.'s retirement and death, should control. *Id.* We disagree. Based on our review of the textual language of 5 U.S.C. § 8341, subsection (h)(4) specifically refers to subsection (h)(1), which only discusses "court-approved property settlement agreement[s]," not informal agreements. Therefore, the 2004 agreement between K.R.C. and S.L.C., which was not approved by the court, did not constitute a modification of the 1998 divorce decree pursuant to 5 U.S.C. § 8341(h)(4).

We have also considered the appellant's assertion that S.L.C. should have disclosed that the 1998 order was amended pursuant to 5 C.F.R. § 838.721.[9] HAR (citing *Bock v. Office of Personnel Management*, 47 F. App'x 576, 578 (Fed. Cir. 2002)). Whether S.L.C. properly complied with the survivor annuity application requirements is not an issue before us.[10] Rather, the only issue is the propriety of

---

[8] The provision at 5 U.S.C. § 8341(h)(4) states:

> For purposes of this subchapter, a modification in a decree, order, agreement, or election referred to in paragraph (1) of this subsection shall not be effective—(A) if such modification is made after the retirement or death of the employee or Member concerned, and (B) to the extent that such modification involves an annuity under this subsection.

[9] This regulation discusses survivor annuity application requirements for a former spouse. In pertinent part, subsection (b)(1) states that the application letter "must be accompanied by . . . [a] certification from the former spouse . . . that the court order is currently in force and has not been amended, superseded, or set aside." 5 C.F.R. § 838.721(b)(1)(ii).

OPM's December 20, 2023 reconsideration decision involving whether *the appellant* was entitled to survivor annuity benefits.

We have considered the impact of the December 2020 court order on the appellant's entitlement to survivor annuity benefits. The regulation at 5 C.F.R. § 838.806(b) discusses amended court orders. It states, in pertinent part, that for purposes of eliminating a former spouse survivor annuity, or explaining, interpreting, or clarifying a court order that eliminates a former spouse survivor annuity, the court order must be "[i]ssued on a day prior to the date of retirement or date of death of the employee." Subsection (e) states that, for this section, the term "issued" means "actually filed with the clerk of the court, and does not mean the effective date of a retroactive court order that is effective prior to the date when actually filed with the clerk of the court (e.g., a court order issued nunc pro tunc)." 5 C.F.R. § 838.806(e). Given OPM's clear definition, we are constrained to conclude that the 2020 court order, which post-dated K.R.C.'s retirement and death, is not acceptable as an amended court order and does not eliminate S.L.C.'s former spouse survivor annuity. *See, e.g.*, *Miller v. Office of Personnel Management*, 332 F. App'x 618, 622 (Fed. Cir. 2009) ("[S]ince the 2007 Clarification was issued after Mr. Miller's death, it does not secure survivor annuity rights for appellant.").[11] Therefore, despite our sympathy for the appellant and her situation, we are unable to award her survivor annuity benefits.

We have considered the appellant's assertion during the hearing that OPM's failure to respond to her arguments in this matter constitutes a waiver of its right to challenge her position. HAR. However, the appellant has not cited any persuasive authority for her assertion in this regard. Because OPM did not file a prehearing submission or appear at the prehearing conference or the

---

[10] Perhaps recognizing her error, S.L.C. subsequently withdrew her application for benefits. 0586 IAF, Tab 16 at 14-15.

[11] The Board may rely on nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit when we find their reasoning persuasive, as we do here. *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 19 n.5.

hearing, we have considered whether sanctions are appropriate pursuant to 5 C.F.R. § 1201.43.[12] However, this regulation requires appropriate prior warning, and an opportunity for a response to the actual or proposed sanction, 5 C.F.R. § 1201.43(a), which has not been given to OPM in this matter. Accordingly, we do not award sanctions due to OPM's failure to respond to her arguments.

OPM proved that there was an overpayment of $104,795.75, but the appellant is entitled to a waiver of the overpayment.

OPM bears the burden of proving by a preponderance of the evidence that an overpayment has occurred. 5 C.F.R. § 831.1407(a). OPM asserted in its reconsideration decision that the total amount received by the appellant from November 23, 2014, through June 30, 2019, was $105,792.27, and by subtracting Federal tax from that amount, the total overpayment was $104,795.75. IAF, Tab 6 at 11. The appellant does not dispute the amount of the overpayment. Therefore, we find that OPM proved that there was an overpayment.

Under 5 U.S.C. § 8346(b), recovery of an annuity overpayment must be waived when the annuitant is without fault and recovery would be against equity and good conscience. *Kellet v. Office of Personnel Management*, 62 M.S.P.R. 1, 4 (1993). The annuitant bears the burden of establishing her entitlement to a waiver by substantial evidence. *Id.*; 5 C.F.R. § 831.1407(b). Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). This is a lower standard of proof than preponderance of the evidence. *Id.*

The appellant asserted that she is entitled to waiver of the overpayment because she had no way of knowing that incorrect information was provided to

---

[12] For example, when a party fails to comply with an order, the administrative judge may draw an inference in favor of the requesting party with regard to the information sought. 5 C.F.R. § 1201.43(a)(1). Alternatively, if a party fails to defend an appeal, the administrative judge may rule in the appellant's favor. 5 C.F.R. § 1201.43(b).

OPM, she made no material misstatements to OPM or otherwise failed to disclose material facts to OPM, and she neither knew nor should have known that OPM's payments to her were erroneous. IAF, Tab 1 at 2; HAR. The administrative judge stated during the hearing that the appellant was not at fault. HAR. We agree that the appellant was not at fault.

Recovery of an overpayment is against equity and good conscience if it would cause financial hardship for whom it is sought, the recipient of the overpayment has relinquished a valuable right or changed positions for the worse because of the overpayment, or recovery could be unconscionable under the circumstances. 5 C.F.R. § 831.1403(a). We focus on this last criterion. The unconscionability standard is a high one, and a waiver based on this standard will be granted only under exceptional circumstances. *Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 549 (1989). Because the concept of unconscionability is generally defined in terms of broad, equitable considerations, the Board will consider all relevant factors using a "totality-of-the-circumstances" approach in order to determine whether recovery of an annuity overpayment is unconscionable in a given case. *Id.* at 550. General principles of equity and fairness demand that just consideration be given to situations where recovery of an annuity overpayment may be unconscionable because of misinformation given to the annuitant or where the personal limitations of the annuitant, such as lack of education, physical or mental disability, or other factors, would make the collection of an overpayment manifestly unfair. *Id.*

We find that, under the circumstances presented here, including the exorbitant amount of the overpayment, the appellant's age, the clear intent of K.R.C. and S.L.C. in 2004 for S.L.C. to waive all retirement benefits, and S.L.C.'s withdrawal of her application for survivor annuity benefits, it would be unconscionable for the appellant to repay this debt. IAF, Tab 5 at 62; 0586 IAF, Tab 11 at 74, Tab 16 at 14-15. *Cf. Dixon v. Office of Personnel Management*,

63 M.S.P.R. 607, 610-11 (1994) (considering the size of the debt, the appellant's advanced age, his limited education, and his physical disabilities in evaluating waiver, but concluding that the nearly $8,900 overpayment was not exorbitant and the appellant did not show that the monthly installment payment of $149.90 would have any negative impact on him because of his advanced years, low educational level, and/or physical disabilities).

## ORDER

We ORDER OPM to grant the appellant a full waiver of the assessed overpayment. OPM must complete this action within 20 days of the date of this decision.

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If

you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[13]

This is the final order of the Merit Systems Protection Board in this appeal. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[13] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[14]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[14] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:        _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.